IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Juan Martinez, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Michael Pettiford, Warden - )<br>FCI-Bennettsville, )<br>)<br>Respondent. )<br>) | Civil Action No.8:07-1646-RBH-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The petitioner, a federal prisoner, seeks relief pursuant to Title 28, United States Code, Section 2241. This matter is before the Court on the respondent's motion for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on June 15, 2007. On August 21, 2007, the respondent moved for summary judgment. By order filed August 22, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On September 24, 2007, the petitioner filed a response.

## FACTS

The petitioner is a federal inmate currently incarcerated at the Federal Correctional Institution in Bennettsville ("FCI- Bennettsville"). (Pet'r's Mem. Supp. Pet. at 2.) On March 30, 2000, the petitioner was sentenced in the United States District Court for the Middle District of North Carolina to a term of 235 months with five years supervised release for conspiracy to distribute marijuana and cocaine and money laundering. (Defs.' Mem. Supp.

Summ. J. Mot. Ex 1.)  The petitioner has a projected release date of January 31, 2011, via good conduct time credit. (*Id*.)

On January 9, 2007, the petitioner was charged with the disciplinary offense of "Use of the Telephone for Abuse Other than Criminal Activity" in violation of Code 297.  (Pet'r's Mem. Supp. Pet. at 3 and Ex. 2.)  The incident report states that the petitioner participated in a three-way call.  (*Id.* Ex. 2)  After the initial hearing by the Unit Discipline Committee ("UDC"), the report was forwarded to the Disciplinary Hearing Officer ('DHO").  (*Id.*)  On January 18, 2007, the DHO held a hearing in which she found the petitioner had committed the prohibited act as set forth in the incident report. (*Id.*)  The DHO imposed a sanction of the loss of  27 days of good conduct time and 180 days of telephone privileges.  (Pet'r's Mem. Supp. Pet. at 3-4).   The petitioner appealed the DHO's decision to the Regional Director who denied his appeal on February 23, 2007.  (*Id*. at 4.)   The petitioner then appealed to the Central Office which  denied the petitioner's appeal on May 14, 2007.  (*Id*.)

On June 11, 2007, the petitioner filed this habeas petition challenging the validity of the sanction imposed by the DHO.  He alleges his conduct supports only a moderate severity offense, not a high severity offense.  He is seeking an order vacating the DHO's finding and an expungement of the incident report, or in the alternative, a remand to for DHO to take corrected action. (Pet. 8.; Pet'r's Mem. Supp. Pet. at 10.)

## **APPLICABLE LAW**

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

2

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue.  *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

On January 10, 2007, at approximately 1:10 p.m., while monitoring recorded inmate phone calls, Officer Lugo monitored a call which the petitioner had placed on January 9, 2007, to a phone number in Texas.  A male answered the phone and informed the

3

petitioner that he had received a phone call from another individual, Santos Coria. The petitioner then asked the man to get Coria on the phone. After three attempts, the man successfully arranged a conference call with Coria and the three had a conversation lasting approximately ten minutes.

On January 10, 2007, the petitioner was administratively charged with the prohibited act of Use of the Telephone for Abuses Other Than Criminal for Activity, a violation of Code 297. (Pet'r's Mem. Supp. Pet. Ex. 2.) A copy of the incident report was delivered to the petitioner on that day at approximately 6:56 p.m. On January 12, 2007, a UDC hearing was held. (*Id.*) The UDC referred the charge to the DHO for further consideration. (*Id.*) On January 12, 2007, the petitioner received a copy of Notice of Discipline Hearing before the DHO and Inmate Rights at Discipline Hearing. (*Id.*)

On January 18, 2007, a discipline hearing was held before the DHO. During this hearing the petitioner was afforded the opportunity to make a statement, have a staff representative, provide evidence on his behalf, and present witnesses. (Pet'r's Mem. Supp. Pet. Ex. 2.) The petitioner waived his right to a staff representative and did not call any witnesses. (*Id.*) The petitioner denied the charges and explained that the third number dialed was not an international telephone number. (*Id.*) He stated the call was transferred within the same office building to his brother. (*Id.*)

The DHO found that the petitioner had committed the prohibited act of Code 297 as charged. (Pet'r's Mem. Supp. Pet. Ex. 2.) The DHO noted in her report, if the third male had been the petitioner's brother in the same office, the telephone number of the third male would not have had to been relayed over the telephone by the original recipient, and the petitioner would not have asked the recipient to call the third male. (*Id.*) The DHO also considered the petitioner's statement during the phone call to "make the telephone call fast" because the prison tapes the calls. (*Id.*) The DHO she found this demonstrated

4

knowledge that the petitioner actions violated the BOP's disciplinary rules. (*Id*.) The petitioner alleges the evidence which the DHO relied upon in finding him guilty of a violation of Code 297 was insufficient and he contends his due process rights were violated. (Pet'r's Mem. Supp. Pet. at 4.)

The analysis of the petitioner's claim of a due process violation begins with *Wolff v. McDonnell*, 418 U.S. 539 (1974), which is the seminal case concerning the due process rights of federal prisoners during disciplinary proceedings. In *Wolff*, the Supreme Court held that a prisoner's accumulation of good time credits, which can affect the length of his incarceration, may give rise to a constitutionally protected liberty interest. *Id.* The Court held that, even so, this does not entitle prisoners to the full panoply of rights afforded a defendant in a criminal prosecution when these credits are forfeited pursuant to a prison disciplinary proceeding. *Id.* at 556-57.

The Supreme Court then enumerated the following five procedural safeguards which are required in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) written notice of the charges 24 hours in advance of the disciplinary hearing; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative if charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the factfinder as to the evidence relied upon and the rationale behind the disciplinary tribunal's conclusion. *Wolff*, 418 U.S. at 563-66.[1] In addition, the Supreme Court has held that a finding of "some evidence" in the

---

[1] The due process requirements of *Wolff*, as they relate to federal prisoners, have been codified in the Code of Federal Regulations at 28 C.F.R. § 541.10 et seq. *See, e.g.*, 28 C.F.R. § 541.14 (Incident report and investigation); 28 C.F.R. § 541.16 (Establishment and functioning of the DHO); 28 C.F.R. § 541.17 (Procedures before the DHO).

record to support the decision of a prison disciplinary board is necessary to satisfy the requirements of due process. *Superintendent Mass. Corr'l Inst. v. Hill*, 472 U.S. 445, 455 (1985). The determination of whether the standard is satisfied merely requires inquiry into "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. Further, it must be remembered, however, that "[a]scertaining whether [the] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing the evidence." *Id.* at 455-56.

Here, the petitioner "concedes that the minimum safeguards as provided by *Wolff* were met during the disciplinary hearing." (Pet'r's Mem. Supp. Pet. at 5.) However, he contends there was not sufficient evidence to support a finding that he violated Code 297. (*Id*.) Additionally, the petitioner admits to participating in a three-way conference call. (*Id*. 5-6.) He argues, however, that this activity supports only a violation of Code 397. (*Id*. 6-7.)

The undersigned notes this court does not have the authority to weigh evidence or to judge the strength of any particular defense the petitioner may present. *Superintendant, Mass. Corr. V. Hill*, 472 U.S. 445, 454 (1985). Instead, the court is asked only to determine if the DHO had some evidence upon which to base his finding that the petitioner violated Code 297. *Id.* at 455-56.

The various levels of BOP offenses are listed in 28 C.F.R. § 541.13, Table 3. The most 4 serious offenses ("Greatest Category") are listed in Code Nos. 100-199; the next level of offenses ("High Category") are listed in Code Nos. 200-299; the next level of offenses ("Moderate Category") are listed in Code Nos. 300-399; and the final and lowest level of offenses ("Low Moderate Category") are listed in Code Nos. 400-499.

Code 297 prohibits telephone activities for abuses other than criminal activity. Examples listed for Code 297 conduct include third party calls, talking in code,

circumventing telephone monitoring procedures, use of another prisoner's personal identification number or PIN number, and using credit card numbers to place telephone calls. Code 397, moderate severity offense, likewise involves use of the telephone for abuses other than criminal activity. The listed samples of code 397 conduct include conference calling, three way calling, and providing false information for preparation of a telephone list. Forfeiture of up to thirty (30) days of statutory good time or non-vested good conduct time is a permissible sanction.

The petitioner argues that the Code is vague as to what constitutes "three way calls" (a violation under Code 397) and third party calling (a violation under Code 297). However, the distinction, if any, is irrelevant because the DHO reasonably determined that the call, which involved telephone conversations with a third party, constituted third party calling. The petitioner has admitted that he telephoned one person and asked that person to place a call to a third person so as to effect a call to a third party.

In *Morris v. Fransic*, 2007 WL 2327111 *4 n.2 (N.D.W.Va. 2007), the court addressed the same issue as the petitioner raises here. The court held:

> The undersigned is of the opinion that this a distinction without difference. As noted above, the purpose of Code 297 is to prevent inmates from circumventing the telephone monitoring system. The examples listed are not all inclusive, meaning they are not the only actions which can constitute a violation of the code. Thus, even if third-party calling and three-way calling are not the same, there is nothing in the regulations preventing an inmate from being charged with a violation of Code 297 when he utilizes a three-way call. In addition, it appears as if the BOP uses the terms third-party calling and three-way calling interchangeably. In Code 279, the BOP refers to third-party calling and third-party billing as different events, when in fact they are the really the same thing. Thus, it appears that the BOP intended to include three-way calling in its examples, when it stated third-party calling. However, the interchangeability of these terms still does not render the statue vague as the regulation clearly contemplates that any attempt to circumvent the telephone monitoring system may be considered a violation of Code 279.

7

*See also Cook v. Warden, FCI Fort Dix*, 2005 WL 3465666 (D.N.J. 2005)(holding the distinction between 297 and 397, if any, is irrelevant because the DHO reasonably determined that the call, which involved telephone conversations with a third party, constituted third party calling.)

Here, the petitioner admits he made an authorized telephone call, asked the other party to make a call to a third party while he remained on the line and the three parties were involved in one telephone call. The petitioner's admissions about the circumstances of the call support the DHO's finding that he violated Code 297. Thus, respondent should be granted summary judgment and the instant petition should be denied.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                                    s/Bruce Howe Hendricks
                                                    United States Magistrate Judge

February 11, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).