UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| JUAN MARTINEZ, | ) | Civil Action No.: 8:07-cv-1646-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL PETTIFORD, Warden | ) | |
| FCI -Bennettsville, | ) | |
| | ) | |
| _____ | ) | |

Petitioner, proceeding *pro se*, brought this habeas corpus action under 28 U.S.C. § 2241 challenging his loss of 27 days of good time credit and phone privileges for 180 days following his conviction for the prison disciplinary offense of "Use of the Telephone for Abuse Other than Criminal Activity." Petitioner argues that his conduct did not warrant the severity of the sanction imposed by the Disciplinary Hearing Officer ("DHO"). Petitioner seeks an Order vacating the DHO's finding and an expungement of the incident report, or in the alternative, a remand to the DHO to impose a less severe sanction.

Pending before the court is Defendant's [Docket Entry #8] motion to dismiss or, in the alternative, for summary judgment. This matter is before the court with the Report and Recommendation [Docket Entry #11] of Magistrate Judge Bruce Howe Hendricks filed on February 11, 2008.[1]

The Magistrate Judge recommended that summary judgment be granted in favor of the Defendant and that Petitioner's petition be dismissed. Petitioner timely filed objections [Docket Entry #12] on February 29, 2008.

---

[1] This matter was referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(c).

**Background and Discussion**

Petitioner challenges the results of his January 18, 2007 disciplinary hearing in which the DHO found Petitioner guilty of violating code 297, "Use of the Telephone for Abuse Other than Criminal Activity." Code 297 is graded as a "High Category Offense" by the Code of Federal Regulations and prohibits telephone activities for certain telephone abuses including third party calls, talking in code, *circumventing telephone monitoring procedures*, use of another prisoner's PIN number, and using credit card numbers to place telephone calls. *See* 28 C.F.R. § 541.13, Table 3. As a result of the conviction, Petitioner lost 27 days of good credit time and 180 days of phone privileges.

Petitioner argues that his conduct did not constitute a "third-party call," but at most constituted a "three-way call," which is considered a "Moderate Category Offense" under the Code of Federal Regulations. Petitioner notes that the DHO report in his case specifically referred to his call as a "three-way call" and made no finding that he participated in a "third-party call." Petitioner, in essence, argues that there was insufficient evidence before the DHO to find that he violated code 297.

The Magistrate Judge found the Petitioner's attempt to distinguish his conduct unpersuasive stating: "the distinction, if any, is irrelevant because the DHO reasonably determined that the call, which involved telephone conversations with a third party, constituted third party calling" - a violation of code 297. The Magistrate Judge noted "[t]he petitioner has admitted that he telephoned one person and asked that person to place a call to a third person so as to effect a call to a third party."

The report of the DHO states in relevant part:

2

> The DHO finds you committed the prohibited act of Use of the Telephone for Abuses other than Criminal Activity, code 297, when the person you were talking with got another individual on the line and you proceeded to talk with both. . . *You informed the male to make the call fast because the prison tape[s] all calls*. . . Based on the reporting staff member's statement, and your statement during the hearing, the DHO finds you did commit the prohibited act of Use of Telephone for Abuses other than Criminal Activity, code 297.

[Docket Entry# 8-6, at pg. 3].

In his objections, Petitioner argues as he did before the Magistrate Judge, that the DHO never found that he engaged in a "third-party call." Petitioner is technically correct. The report of the DHO refers to a "three-way conversation" and a "three-way telephone call," and never uses the term "third-party call." *Id*. However, Petitioner overlooks the fact that the there was some evidence before the DHO that he attempted to circumvent the prison's telephone monitoring system.

The United States Supreme Court has held that when reviewing the results of prison disciplinary proceedings, the standard of review is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). If there was "some evidence" to support the decision of the hearing examiner, the court must reject any challenges to the sufficiency of the evidence. *Hill*, 472 U.S. at 457.

Petitioner does not dispute that he told the person he initially telephoned to make the three-way call fast because the prison tapes all calls. Code 297 clearly prohibits attempts to circumvent the prison's telephone monitoring system. Therefore, in this case, any distinction Petitioner attempts to raise between "three-way calling" and "third-party calling" is immaterial

because, based on the undisputed evidence before the DHO, Petitioner attempted to circumvent the prison's telephone monitoring procedures, which is a violation of code 297. *See Morris v. Fransic*, No. 3:06-cv-26, 2007 WL 2327111, at *4 n.2 (N.D. W. Va. August 10, 2007) (stating "the interchangeability of these terms [three-way calling and third-party calling] still does not render the statute vague as *the regulation clearly contemplates that any attempt to circumvent the telephone monitoring system may be considered a violation of Code 279*") (emphasis added).[2]

Furthermore, the DHO's report never stated that Petitioner's conviction was based on an alleged "third-party call." The report simply stated that "[b]ased on the reporting staff member's statement, and your statement during the hearing, the DHO finds you did commit the prohibited act of Use of Telephone for Abuses other than Criminal Activity, code 297." Accordingly, because there was some evidence before the DHO which indicated that Petitioner attempted to circumvent the prison's telephone monitoring system, the court affirms the DHO's finding that the Petitioner violated code 297.

Although it was not raised in his objections, the Magistrate Judge correctly pointed out that Petitioner's due process rights were not violated as he was afforded the procedural safeguards set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Under *Wolff*, five procedural safeguards are required for a prison disciplinary hearing to satisfy the due process clause. The prisoner has the right to: 1) appear before an impartial decision-making body; 2) receive written notice of the charges 24 hours before the hearing; 3) call witnesses and present

---

[2] Petitioner does not appear to raise a "void for vagueness" argument; however, for the reasons stated in *Morris*, 2007 WL 2327111, this court would be inclined to reject such an argument.

documentary evidence; 4) assistance from an inmate representative if the charged inmate is illiterate or if complex issues are involved; and 5) receive a written decision by the fact finder as to the evidence relied upon and the rationale behind the decision-making body's conclusions. *Wolff*, 418 U.S. at 563-66.  The record reveals and the Petitioner does not dispute that the minimum safeguards of *Wolff* were met during the disciplinary hearing.

Having reviewed the record and applicable law, the court adopts the recommendations of the Magistrate Judge as modified by this Order.  The record indicates that there was "some evidence" to support the finding of the DHO. *See Hill*, 472 U.S. at 457.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Petitioner's objections and adopts the Report and Recommendation [Docket Entry #11] of the Magistrate Judge as modified by this Order.  Defendant's [Docket Entry #8] motion to dismiss or, in the alternative, for summary judgment is **GRANTED.**  Petitioner's current habeas corpus petition brought under 28 U.S.C. § 2241 is hereby **DISMISSED with prejudice**.


Florence, SC                                                          s/ R. Bryan Harwell
March 24, 2008                                                    R. Bryan Harwell
                                                                              United States District Judge